**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Janet Kennedy-Burdick, ) | |
| ) | |
| Plaintiff, ) | No. CIV 01-0898-PHX-RCB |
| ) | |
| vs. ) | O R D E R |
| ) | |
| Michael Czarnecki, ) | |
| ) | |
| Defendant. ) | |
| ———————————————) | |

### *Introduction*

Currently pending before the court is a matter docketed as a "MOTION to *Renew Judgment* by [plaintiff] Janet Kennedy-Burdick." Doc. Entry 84. The untitled document filed with the court seeks "*reviv*[al]" of the judgment "in the amount of $1,644,962.06" previously entered in this court on September 12, 2003. Mot. (Doc. 84) at 1. *Pro se* defendant Michael Czarnecki did not file a response, and the time to do so has long since passed.

### *Background*

Plaintiff's motion is terse. In fact, her caption does

1  not comport with convention by including the designations
2  "plaintiff" and "defendant" after the parties' names.
3  Additionally, the plaintiff merely requests that "[t]he Clerk
4  of Courts . . . revive the judgment entered for Plaintiff
5  against Defendant in the amount of $1,644,962.06 on September
6  12, 2003 by Robert C. Broomfield U.S.D.J." <u>Id.</u> at 1.  That
7  document is dated January 22, 2013 and signed by plaintiff's
8  counsel.  There is no supporting documentation.

Regardless of the nomenclature, *i.e.,* revival or renewal, the plaintiff is not entitled to the relief which she is seeking.  That is because her request is lacking  - both procedurally and substantively.

### *Discussion*

Fed.R.Civ.P. 69(a)(1) provides in relevant part:

> The procedure on execution -- and in proceedings supplementary to and in aid of judgment or execution -- must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed.R.Civ.P. 69(a)(1).  Because "[t]here is no federal statute specifically governing renewal of judgments[,]" <u>Fidelity Nat. Financial, Inc. v. Friedman</u>, 855 F.Supp.2d 948, 962 (D.Ariz. 2012), and because this court adjudicated the present case, Arizona law governs renewal of plaintiff Kennedy-Burdick's judgment.  See <u>PACCAR Financial Corp. v. Robbins Group Int'l</u>, 2012 WL 526456, at *1 (N.D. Ala. 2012) ("Given that this court adjudicated the case at bar, Alabama law governs the renewal of the judgment.")  Indeed, A.R.S. § 12-1612(A) expressly allows for renewal by affidavit of

-2-

1  judgments, *inter alia*, entered and docketed in United States
2  District Courts.
3      Assuming *arguendo* that plaintiff's "motion" meets all of
4  the criteria for a renewal affidavit set forth in A.R.S.
5  § 12-1612, still, it was not timely filed.  Section
6  12-1551(B) specifically provides:

>    An execution or other process shall not
>    be issued upon a judgment after the expiration
>    of five years from the date of its entry
>    unless the judgment is renewed by affidavit
>    or process pursuant to § 12-1612 or an
>    action is brought on it within five years
>    from the date of the entry of the judgment
>    or of its renewal.

A.R.S. § 12-1551(B).  Hence, "'[i]n Arizona, a judgment becomes unenforceable after five years from the date of entry unless action is taken to renew it.'" Fidelity, 855 F.Supp.2d at 963 (quoting In re Smith, 209 Ariz. 343, 101 P.3d 637); and (citing Crye v. Edwards, 178 Ariz. 327, 328, 873 P.2d 665, 666 (App.1993) ("monetary judgments expire in Arizona if not renewed every five years")). In the present case, that means that absent timely renewal -- either by affidavit or by an action for judgment on the judgment -- plaintiff Kennedy-Burdick's judgment, entered on September 8, 2008, expired on September 12, 2008.

There is nothing in the record before the court showing that plaintiff took any action whatsoever to renew her judgment in the five years after its September 12, 2003, entry.  The only action plaintiff took was the filing of this "motion" on January 28, 2013.  Thus, even assuming for the moment that this "motion" somehow could be construed as a

renewal affidavit, it was not timely because it was not filed "within ninety days preceding the expiration of five years from the date of entry of . . . judgment[,]" as A.R.S. § 12-1612(B)(A) requires.  While "'some defects contained in an affidavit may not defeat a renewal of judgment, . . . *timeliness* of the affidavit is a *rigid statutory requirement* and is *not* subject to modification by the court.'" Id. at 963 (quoting  State ex rel. Indus. Comm'n of Ariz. v. Galloway, 224 Ariz. 325, 330 n. 5, 230 P.3d 708, 713 n. 5 (App. 2010) (citations omitted) (emphasis added by Fidelity court). Thus, plaintiff Kennedy-Burdick's failure to timely file a renewal affidavit is fatal to her "motion" to revive or renew the $1,644,962.06 judgment entered in this court on September 12, 2003.

Not only that, even if plaintiff's "motion" had been timely filed, it is not tantamount to a "renewal affidavit." Section 12-1612(A) permits renewal of a judgment "by filing an affidavit for renewal with the clerk of the proper court." A.R.S. § 12-1612(A).  Section 12-1612(B) specifies the information to be set forth in renewal affidavits.  A.R.S. § 12-1612(B)(1)-(5).  "Arizona courts have consistently held that 'strict compliance with the renewal provisions is required to effect a renewal.'" Fidelity, 855 F.Supp.2d at 963 (citing State ex rel. Indus. Comm'n of Ariz. v. Galloway, 224 Ariz. at 329-330, 230 P.3d at 712-713 (App. 2010) (citing cases) (footnote omitted)).

Plaintiff Kennedy-Burdick's untitled, one sentence submission falls far short of the criteria for a renewal

-4-

affidavit which A.R.S. § 12-1612(B) specifies.  The first, most basic, defect in plaintiff's submission is that she did not file a document explicitly designated as a "renewal affidavit."  As this court explained in Fidelity, "[f]ailing to properly title [plaintiff's submission] as a 'renewal affidavit' is not simply a matter of form given the legal import of an affidavit[.]" Id. at 958.

"By definition, '[a]n 'affidavit' is a signed, written statement, made under oath before an officer authorized to administer an oath or affirmation in which the affiant vouches that what is stated is true.'" Id. (quoting In re Wetzel, 143 Ariz. 35, 43, 691 P.2d 1063, 1071 (1984); see also Black's Law Dictionary (9th ed. 2009) (an affidavit is "[a] voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths [ ]").  Plaintiff's submission filed on January 28, 2013, is signed by plaintiff's counsel, but does not include a notary's jurat. A "'[j]urat' means a notarial act in which the notary certifies that a signer, . . . , has made in the notary's presence a voluntary signature and has taken an oath or affirmation vouching for the truthfulness of the signed document."  A.R.S. § 41-311(6); see also A.R.S. § 12-2221(A) ("oath or affirmation shall be administered" to "best awaken the conscience and impress the mind of the person taking the oath or affirmation [ ]" and "shall be taken upon the penalty of perjury[ ]").  As in Fidelity, plaintiff Kennedy-Burdick's recent submission "lacks even the most basic attributes of an affidavit of any sort."  See id. at 958.

Further, plaintiff's submission does not comport with section 12-1612(B) in even some of the most fundamental ways. That submission does not, for example, explicitly state in the caption, or elsewhere, the names of the parties as section 12-1612(B)(1) specifies. It is possible to glean from that submission, though, that Janet Kennedy-Burdick is the plaintiff and Michael Czarnecki is the defendant. Plaintiff's submission also indicates that the judgment was entered by "Robert C. Broomfield U.S.D.J.[,]" and that this matter is "in the United States District Court for the Ditrict [sic] of Arizona[.]" Doc. 84 at 1 (emphasis omitted). Therefore, it is also possible to glean therefrom "the name of the court in which [the judgment] was docketed[.]" See A.R.S. § 12-1612(B)(1). Plaintiff's submission also indicates the entry date of the judgment and the amount, as section 12-1612(B)(1) also specifies. That basic information is not all that a renewal affidavit must recite, however.

Among the information required to be set forth in a renewal affidavit is "[t]hat no execution is anywhere outstanding and unreturned upon the judgment, or if any execution is outstanding, that fact *shall* be stated." A.R.S. § 12-1612(B)(2) (emphasis added). That statutorily mandated information is conspicuously absent from plaintiff Kennedy-Burdick's submission. Also missing is any of the information described in section 12-1612(B)(4), that is:

> That there are no set-offs or counterclaims in favor of the judgment debtor, and if a counterclaim or

> set-off does exist in favor of the judgment debtor, the amount thereof, if certain, or, if the counterclaim or set-off is unsettled or undetermined, a statement that when it is settled or determined by action or otherwise, it may be allowed as a payment or credit upon the judgment.

A.R.S. § 12-1612(B)(4).  These shortcomings in plaintiff's submission severely undermine the "central purpose" of the renewal statutes, which is "to give notice to the judgment debtor and other interested parties of the status of the judgment."  See Fidelity, 855 F.Supp.2d at 964 (internal quotation marks and citations omitted).

In short, because plaintiff Kennedy-Burdick did not timely file a renewal affidavit which comports with A.R.S. § 12-1612, the court finds that her submission dated January 22, 2013, and filed with this court on January 28, 2013, does not operate to renew her $1,644,962.06 entered in this court on September 12, 2003.  Accordingly, the court hereby **DENIES** plaintiff's "MOTION to *Renew Judgment*" (Doc. 84).

DATED this 14th day of March, 2013.

_____
Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record and *pro se* defendant Czarnecki